JOHN S. HOAGLAND v. PETER LATOURETTE and JOHN LATOURETTE.

The vendor of an estate, from the time of his contract, is a trustee for the purchaser; and the vendee, as to the money, is a trustee for the vendor.

If a person who has contracted to sell land, sells it to a third person, the second purchaser, if he have notice at the time of his purchase of the previous contract, will be compelled to convey the property to the first purchaser.

Being a purchaser with notice of the equitable title of the vendee under the contract, he stands in the place of the vendor, and is liable to the same equity.

A judgment creditor, with notice, can stand in no better situation than a purchaser.

Articles made for a valuable consideration, and the money paid, will in equity bind the estate and prevail against any judgment creditor *mesne* between the articles and the conveyance; but the consideration paid must be somewhat adequate to the thing purchased.

If the vendee be a creditor of the vendor, and his design in purchasing be to save his debt, and this be known to the second purchaser, equity will regard the purchase money as paid the moment the contract is complete, and a subsequent judgment will not attach upon the purchase money in the hands of the vendee.

A judgment creditor *mesne* between the articles and the conveyance, will be restrained by perpetual injunction from enforcing his judgment against the estate.

BILL for an injunction, filed the tenth day of November, 1837. On filing the bill an injunction was issued as prayed for. John Latourette alone answered the bill. A decree, *pro confesso*, was taken against the other defendant. The cause was heard upon

the pleadings and proofs, at July term, 1839.    The facts of the case are stated in the opinion of the chancellor.

*H. W. Green*, for complainant.

*P. D. Vroom*, for defendant.

Cases cited for the complainant.  1 *Sugden on Vendors*, 211, 539 ; 1 *Atkyns*, 572 ; 6 *J. C. R.* 403 ; 10 *Modern*, 518 ; 2 *Eq. Ca. Ab.* 32 ; 2 *Vesey*, 437 ; 16 *Vesey*, 249 ; 17 *Vesey*, 433 ; 15 *Vesey*, 329 ; 1 *P. W.* 278.

Cases cited for the defendant.  1 *Eq. Ca. Ab.* 320 ; 3 *Dess.* 74 ; 2 *Wash. C. C. R.* 69 ; 1 *Paige*, 128, *exparte Howe ;* 1 *P. W.* 282 ; 3 *Vesey*, 576 ; 2 *Vernon*, 565 ; 4 *Paige*, 1.

THE CHANCELLOR.    There is no difficulty about the facts in this case.    There is no contradiction in the evidence.    Peter Latourette, of the county of Somerset, being seized in fee of a valuable mill-seat and other lands in that county and in the adjoining county of Hunterdon, advertised them for sale at public auction.    These lands were mortgaged at the time for a large sum of money, for an amount nearly equal to their value.    Articles of sale were drawn up and signed by Mr. Latourette.    The property was set up in a public manner in the presence of a number of persons, and purchased by the complainant for seven thousand seven hundred dollars, who signed at the time the articles, acknowledging himself the purchaser.    The sum at which the property was sold exceeded the amount of the incumbrances by several hundred dollars.    The deed was duly executed to the complainant according to the terms of the sale, who took possession of the premises and made improvements thereon.    Between the time of the sale at the auction and the execution of the deed, Peter Latourette, the vendor, confessed a judgment to his brother, John Latourette, in the supreme court, on which he has taken out execution, and by the sheriff of Somerset lev-

[Hoagland v. Latourette et al.]

ied on this property. By virtue of this judgment and execution John Latourette now claims to have a lien upon the said premises prior to the complainant's title, and has caused them to be advertised for sale. He is enjoined from making such sale by the order of this court. The bill charges the judgment creditor with notice of the sale to the complainant, before and at the time of obtaining his judgment. The answer is silent upon all this part of the case, but the proof is ample. He attended at the sale, and was a bidder on the property. The complainant was a creditor of Peter Latourette for more than sufficient to pay the difference between the mortgages on the property and the price he paid for it, and such difference was credited in the complainant's account against him.

We have, then, this plain case to settle, stript of any peculiar circumstances. A contract is made by Mr. Latourette for the sale of his lands to the complainant. There is no pretence of fraud. The sale is at public auction, and in the presence of many witnesses. The agreement is signed by both parties; and between the day of sale and the execution of the deed, one of the very persons bidding at the sale and acquainted with all the circumstances, obtains a judgment by confession against the vendor, and under that judgment claims the right to defeat the sale by Latourette, and to sell the lands as by virtue of a prior incumbrance.

The vendor of an estate, from the time of his contract, is a trustee for the purchaser, and the vendee, as to the money, is a trustee for the vendor. *Green* v. *Smith*, 1 *Atkyns*, 572. Had Peter Latourette, after his contract with the complainant, sold the land to his brother, with notice of the previous contract at the time of the sale, equity would compel the purchaser to convey the property to the complainant. Being a purchaser with notice of the complainant's equitable title under the agreement, he stands in the place of the vendor, and is liable to the same equity. This is well settled. See *Champion* v. *Brown*, 6 *John. Ch.* 402, and the cases there referred to. A judgment creditor with notice can stand in no better situation than a purchaser.

In the case of *Finch* v. *the Earl of Winchelsea*, 1 *P. Wms.* 282, lord chancellor Cowper says, "Articles made for a valuable consideration, and the money paid, will in equity bind the estate, and prevail against any judgment creditor mesne betwixt the articles and the conveyance; but this must be where the consideration paid is somewhat adequate to the thing purchased; for if the money paid is but a small sum in respect of the value of the land, this shall not prevail over a mesne judgment creditor." In 1 *Paige*, 129, this is recognized as the settled rule; and chancellor Dessaussure, in 3 *Dessaus. Rep.* 74, declares this to have been the settled doctrine ever since the opinion of lord Cowper. The same principle is again further recognized in 4 *Paige*, 15.

It is contended in this case, however, that the price paid was not a fair one; that the money was not paid before the judgment was obtained; and that at all events the judgment creditor is entitled to claim the difference between the incumbrances on the property and the price the complainant was to pay for it. I cannot think any of these grounds well taken. The price paid by the complainant, though a moderate one, perhaps, for the property, was not more so than will generally be the case on a sale at auction. There are only two witnesses examined, and they both say the property sold for a fair price. John Latourette, and some of the mortgage creditors, were there, and yet they declined bidding as much as the complainant. As to the money being paid, it is charged in the bill that the complainant was a creditor of Peter Latourette, and that a principal object he had in view in making the purchase, was to save his debt or a part of it, and that this was all known to John Latourette. The answer does not deny this statement, but passes over all this part of the bill in silence. Taking this to be the true state of the case, the moment Hoagland made the purchase, the money was paid by his debt, so that nothing remained in his hands on which this judgment could in any event attach. I suppose the truth to be, that John Latourette, failing to become the purchaser by the complainant outbidding him on the day of sale, now seeks by his judgment and execution to step in and oblige the complainant to

[Hoagland v. Latourette et al.]

pay his debt, instead of applying the balance of the purchase money, after paying the incumbrances, to liquidate the complainant's own demand.  This would be manifestly unjust and against good faith and the understanding of the parties at the time.

I think the complainant is entitled to have the injunction made perpetual with costs, and I shall make such decree accordingly.

Injunction perpetual, with costs.